Filed 4/3/15  P. v. Sonnik CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C074699 |
| Plaintiff and Respondent, | (Super. Ct. No. 07F11748) |
| v. | |
| YEVGENIY SONNIK, | |
| Defendant and Appellant. | |

Defendant Yevgeniy Sonnik moved the trial court to vacate its judgment and to permit him to withdraw his plea pursuant to Penal Code section 1016.5[1] because the trial court provided an incomplete recitation of the possible immigration-related effects of his plea.  The trial court denied defendant's motion and his subsequent motion for reconsideration.  Defendant now appeals, contending the trial court abused its discretion in denying his motion pursuant to section 1016.5.

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses and defendant's subsequent motion to withdraw his plea.

1

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In November 2007, defendant and a group of Russian adult males, who referred to themselves as the Rancho Cordova Russian Mafia, entered an In-N-Out Burger restaurant. An employee saw defendant kick a wet floor sign, and customers complained. The employee asked the group to leave, and defendant responded by hitting the employee in the back of the head with a beer bottle. While the employee tried to call 911, defendant punched him in the nose, causing multiple fractures to the employee's nose. When the manager tried to help the employee, defendant and the rest of the group attacked the manager, hitting and kicking him. The manager and employee retreated behind a set of double doors, but the group crashed through the doors and continued hitting and kicking them. Thereafter, the assailants left the restaurant, but were arrested by police a short time later.

In February 2008, an information was filed charging defendant with assault with a deadly weapon (a beer bottle) and by means of force likely to produce great bodily injury (§ 245, subd. (a)(1) (count one)) and felony battery with serious bodily injury (§ 243, subd. (d) (count two)). Both counts listed the same victim.

In April 2009, as part of a negotiated agreement, defendant pleaded no contest to count two as a strike. Count one was dismissed. In a separate case, he pleaded no contest to a charge of receiving stolen property and a grand theft charge was dismissed.[3]

---

[2] The facts underlying the charged offenses come from the probation report filed May 2009.

[3] In that case, a little over a year after the assault at In-N-Out Burger, defendant and another person were caught on video taking over $800 worth of clothes from T.J. Maxx. The items were later recovered from a car identified as the vehicle in which defendant and the other person had fled. Defendant and the other person were apprehended nearby.

During the plea colloquy, the trial court advised defendant: "If you are not a citizen of the United States, by entering a guilty or no contest plea, it may result in your deportation to your country of origin or some other action being taken against your status as an alien by the Federal Government of the United States."

The probation report noted that defendant had been placed on adult probation for two separate 2007 theft convictions which occurred before the instant offenses. Defendant was also on juvenile probation. He had juvenile adjudications for reckless driving, driving under the influence, and receiving stolen property. At the time of his interview with juvenile probation, he admitted committing over 15 vehicular burglaries before getting caught.

Pursuant to section 1203, subdivision (e)(3), defendant was ineligible for probation unless there were unusual circumstances. In May 2009, the court found there were no unusual circumstances and sentenced defendant to four years in state prison.

In January 2013, defendant moved to withdraw his plea under section 1016.5. Defendant argued he was not properly advised of the immigration consequences of his plea, and that he was currently the subject of removal (deportation) proceedings for which he was not entitled to cancellation because the crime he pleaded to is an aggravated felony.[4]

On February 15, 2013, in a written order, the trial court denied defendant's motion to withdraw his plea because defendant had not shown prejudice.[5] Citing *People v.*

---

[4] Permanent residents may have their removal proceedings cancelled except in certain statutorily enumerated circumstances. (See 8 U.S.C. § 1229b(a)(3).)

[5] The trial court erroneously served this order to an incorrect address due to an apparent typographical clerical error, and subsequently served it at the correct address for defendant's counsel in June 2013. Defendant attempted to appeal that order, but the trial court returned the notice of appeal unfiled as untimely. Instead of seeking relief from this court, defendant moved the trial court for reconsideration. (See fn. 6, *post*.)

*Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 210 (*Zamudio*), the court wrote, "The test for prejudice is whether, after an examination of all evidence, it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of error. [Citation.] Thus, when the only error is a failure to advise of the consequences of a plea, the court must determine whether the error prejudiced the [d]efendant, i.e., *whether it is reasonably probable the [d]efendant would not have pleaded guilty if properly advised.*" (Italics added.) The trial court rejected defendant's prejudice argument and his contention that " 'if deportation was the centerpiece of the representation, he could have lobbied for a different disposition from the People' " because the court had specifically advised defendant that deportation was a possible consequence of the plea and defendant indicated that he understood this. The court reasoned, "It is apparent, therefore, that [d]efendant was fully aware that removal, which is the immigration consequence he now faces, was a possibility, but he chose to go forward with his plea anyway." In light of various factors -- defendant's record, the possible sentences defendant faced for the charged counts, the numerous charges he faced in multiple cases, and the evidence against him -- the trial court found "it is unlikely that [d]efendant would have rejected the proffered plea bargain even if he had been fully advised."

Defendant moved the court for reconsideration, which the trial court denied on August 5, 2013, as untimely and because defendant's motion did not present any new or different facts, circumstances, or law for the court to consider. Defendant filed a notice of appeal on August 12, 2013.[6]

---

[6] Generally, timeliness of an appeal is a jurisdictional question that we must address. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094.) Ordinarily, a motion for reconsideration does not extend the time to file an appeal. However, the Attorney General has conceded any timeliness argument since the court's erroneous mailing of the order was not the fault of defendant. Additionally, it appears defendant relied on his

## DISCUSSION

Defendant contends the trial court abused its discretion in denying his motion to withdraw his plea pursuant to section 1016.5 because (1) he received an incomplete advisement, (2) he may be subject to deportation proceedings, and (3) he was prejudiced by the incomplete advisement.[7] We conclude that defendant has not shown prejudice.

### I.  Applicable Legal Principles

Pursuant to section 1016.5, subdivision (a), the trial court is required to advise every defendant entering a plea of guilty or no contest to a crime as follows:  "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, *exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States*."  (Italics added.)  To substantially comply with section 1016.5, the advisement must instruct defendant of all possible immigration-related effects of the plea applicable to that defendant.  (*Zamudio*, *supra*, 23 Cal.4th at pp. 188-189, 206, 208; *People v. Gutierrez* (2003) 106 Cal.App.4th 169, 173-174.)  As we discuss *post*, the trial court failed to

---

counsel to pursue the appeal.  Therefore, we accept the defendant's appeal as constructively filed and we address the merits of defendant's appeal.  (See *Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113-114 [recognizing the " 'well-established policy' " of alleviating the harshness of the application of the jurisdictional timeliness rules in compelling circumstances]; accord, *In re Benoit* (1973) 10 Cal.3d 72.)

[7]  In the statement of the facts in defendant's opening brief on appeal, he claims he received no advice from trial counsel regarding the immigration consequences, and later in his brief he states a proper section 1016.5 advisement would have triggered more vigorous immigration-based advocacy by defense counsel as mandated by *Padilla v Kentucky* (2010) 559 U.S. 356.  To the extent that defendant argues he received ineffective assistance of counsel related to his claim that counsel provided no advice about the immigration consequences, that claim is forfeited for failure to support it with specific argument and set it forth under a separate argument heading.  (*People v. Stanley* (1995) 10 Cal.4th 764, 793, *People v. Crosswhite* (2002) 101 Cal.App.4th 494, 502, fn. 5.)

advise defendant of the italicized consequences, but the failure to do so was not prejudicial.

"If . . . the court fails to advise the defendant as required . . . and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement." (§ 1016.5, subd. (b).)

However, to obtain relief, defendant must "demonstrate [he was] prejudiced by any failure of the court to provide complete advisements. . . ." (*Zamudio*, *supra*, 23 Cal.4th at p. 199.) To show prejudice, "defendant must establish ' "it is 'reasonably probable' the defendant would not have pleaded guilty if properly advised." ' " (*People v. Martinez* (2013) 57 Cal.4th 555, 562 (*Martinez*), quoting *Zamudio*, at p. 210.) "The test for prejudice thus considers what the defendant would have done, not whether the defendant's decision would have led to a more favorable result." (*Martinez*, at p. 562.)

While the test for prejudice considers what defendant would have done, the probability of obtaining a more favorable result is not irrelevant. (*Martinez*, *supra*, 57 Cal.4th at p. 564.) "To the contrary, a defendant's assessment of the strength of the prosecution's case in relation to his or her own case is often a factor, and undoubtedly sometimes the determinative factor, in the decision to accept or reject a plea offer." (*Ibid*.)

Once a defendant has presented evidence that he "would not have entered into the plea bargain if properly advised," "[i]t is up to the trial court to determine whether the

6

defendant's assertion is credible, and the court may reject an assertion that is not supported by an explanation or other corroborating circumstances." (*Martinez*, *supra*, 57 Cal.4th at p. 565.) "[I]n determining the credibility of a defendant's claim, the court in its discretion may consider factors presented to it by the parties, such as the presence or absence of other plea offers, the seriousness of the charges in relation to the plea bargain, the defendant's criminal record, the defendant's priorities in plea bargaining, the defendant's aversion to immigration consequences, and whether the defendant had reason to believe that the charges would allow an immigration-neutral bargain that a court would accept." (*Id.* at p. 568.)

A trial court's ruling on a motion under section 1016.5 is reviewed for abuse of discretion. (*Zamudio*, *supra*, 23 Cal.4th at p. 192.) We adopt the trial court's factual findings if they are supported by substantial evidence. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.)

## II. Analysis

### A. Failure to Properly Advise

Here, the trial court advised defendant: "If you are not a citizen of the United States, by entering a guilty or no contest plea, it may result in your deportation to your country of origin or some other action being taken against your status as an alien by the Federal Government of the United States." This advisement is not sufficient because it does not specifically warn defendant about all of the potential immigration consequences; it does not expressly advise defendant about exclusion from admission or denial of naturalization.

## B. Immigration Consequences for Defendant

There is no dispute that defendant has suffered immigration consequences as a result of his plea.[8]  Felony battery resulting in the infliction of serious bodily injury with a sentence of over one year constitutes an "aggravated felony" as defined in the Immigration and Nationality Act, which renders defendant subject to removal/deportation, and also means that defendant is not entitled to cancellation of removal proceedings.  (8 U.S.C. §§ 1101(a)(43)(F), 1229b(a)(3).)[9]

## C. Prejudice

Defendant has the burden of establishing prejudice.  (*Martinez*, *supra*, 57 Cal.4th at p. 565.)  He argues the trial court abused its discretion in finding he was not prejudiced because it applied the wrong prejudice standard in denying his motion to withdraw his plea.  We disagree.

As we have noted, the trial court wrote in its order, "The test for prejudice is whether, after an examination of all evidence, it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of error."  However, the court went on to immediately state, "Thus, when the only error is a failure to advise of the consequences of a plea, the court must determine whether the error prejudiced the [d]efendant, i.e., whether it is reasonably probable the [d]efendant would not have pleaded guilty if properly advised" and further observed, "[d]efendant was fully aware that removal, which is the immigration consequence he now faces, was a possibility [based on the trial court's advisement], but he chose to go forward with his

---

[8]  Though we note the federal government initially based the deportation proceedings on the two 2007 theft convictions and the instant conviction was later added as an additional ground.

[9]  This violent crime is also considered a crime of moral turpitude and it, in combination with defendant's prior theft convictions, render defendant subject to exclusion.  (8 U.S.C. § 1182(a)(2)(A)(i)(I).)

8

plea anyway." Thus, contrary to defendant's assertion, the trial court actually assessed prejudice from the perspective of what defendant would have done and not whether defendant would have obtained a more favorable result, just as our high court required in *Zamudio* and *Martinez*. The trial court reviewed defendant's arguments and evidence, and found it "unlikely that [d]efendant would have rejected the proffered plea bargain even if he had been fully advised." Substantial evidence supports this finding and the circumstances do not corroborate defendant's assertion that he would have done something different if he had been advised about exclusion from admission or naturalization.

Defendant acknowledged there were multiple witnesses to his attack upon the victim here. Defendant's criminal history showed juvenile adjudications and adult convictions in the  years leading up to the attack of the In-N-Out Burger personnel, as well as receiving stolen property and grand theft offenses committed after the offenses in this case. The likelihood of conviction was high. The trial court properly noted these circumstances as they relate to whether it was likely defendant would have rejected the prosecution's offer.

In his motion to withdraw his plea, defendant argued he, as a permanent resident, was only concerned with naturalization. However, neither exclusion nor naturalization -- the two immigration consequences about which defendant was not advised -- is implicated here. Defendant argues that if he had known he could be deported, "he could have lobbied for a different disposition from the People."[10] Defendant also submitted a

---

[10] Defendant asserts on appeal he would have lobbied the prosecution for a disposition where he would plead to *two strikes* in exchange for a sentence of probation. He says he would have "gladly pled" to such a disposition. He made no such assertion in the trial court. His declaration reads as if he would have accepted a single strike disposition with a sentence of 364 days to avoid deportation. He stated, "I would have accepted *a strike disposition*, with a sentence of 364 days in order to avoid [d]eportation." In any event, defendant offers no credible explanation of how he would have "lobbied" the prosecutor

9

declaration that he was not aware he would be subject to deportation until deportation proceedings began in 2012.

However, the trial court expressly advised defendant that he could be deported as a result of his plea and defendant stated he understood the advisement. Therefore, the trial court could properly reject, as not credible, defendant's assertion that he would have done something different if he had been advised of exclusion and denial of naturalization.

Accordingly, the trial court did not abuse its discretion in finding that defendant failed to show prejudice as a result of the incomplete section 1016.5 advisement.

**DISPOSITION**

The judgment is affirmed.


                 MURRAY   , J.


We concur:


   RAYE    , P. J.


   MAURO   , J.

---

for a disposition involving a plea to two strikes with probation when he was presumptively ineligible for probation (see § 1203, subd. (e)(3)) and he had failed previous grants of probation by committing new offenses; nor does he offer a credible explanation of why he had an expectation of obtaining that resolution such that he would not have accepted the disposition to which he ultimately pled. And he does not explain why he would enter a plea that would so negatively impact his ability to show good moral character, a requirement for naturalization. (8 U.S.C. §§ 1101(f)(7), 1427(a)(3) [person who served 180 days or more of imprisonment cannot be found to be of good moral character].)

10