Filed 12/18/15; pub order 1/5/16 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BINIAM ASGHEDOM,<br><br>    Defendant and Appellant. | H040563<br>(Santa Clara County<br>Super. Ct. No. 127937) |

Defendant Biniam Asghedom appeals from the trial court's order denying his Penal Code section 1016.5 motion to vacate his 1989 conviction for possession of cocaine base for sale (Health & Saf. Code, § 11351.5). He claims that the trial court abused its discretion in finding that he had failed to show prejudice. We find that the trial court abused its discretion in finding that defendant had failed to show prejudice, and we remand the matter to the trial court for it to resolve whether defendant made the required showing of reasonable diligence.

## I. Background

Defendant is a native and citizen of Eritrea. He has been a lawful permanent resident of the United States since 1981 when he was 12 years old. Defendant's 1989

conviction arose from an event that occurred in December 1988 when he was 20 years old.

The following evidence was produced at the preliminary examination. On the evening of December 13, 1988, uniformed police officers witnessed a hand-to-hand exchange between defendant and another man in a driveway. When the men saw the officers, they ran. The four officers pursued both men, who ran in the same direction. As the two men were running away, one of the pursuing officers saw defendant reach into his waistband and drop a loaded handgun on the ground. This officer also saw defendant throw a plastic baggie onto the porch of a residence and sit down on the porch. The baggie contained 10 to 15 rocks of cocaine base weighing a total of 2.34 grams. The rocks were not individually packaged. The officer noticed that defendant was under the influence of cocaine and arrested him. Along the route of the pursuit, the officer found defendant's wallet. On top of the wallet was a glass pipe that contained cocaine residue. The wallet did not contain a large amount of cash.

Defendant was charged by information with felony possession of cocaine base for sale, misdemeanor being under the influence of a controlled substance (Health & Saf. Code, § 11550), and misdemeanor possession of controlled substance paraphernalia (Health & Saf. Code, § 11364). The information also alleged that defendant had been armed with a firearm in the commission of the felony count (Pen. Code, § 12022, subd. (a)).

In July 1989, the court gave an indicated sentence of probation, and defendant pleaded guilty to all three counts and admitted the arming enhancement allegation. There is no indication in the record that defendant was advised of the immigration consequences of his pleas and admission. Defendant admitted to the probation officer that he had been under the influence of cocaine when he was arrested. However, he also told the probation officer "a very convincing story of being mis-identified as the owner of both the gun and the cocaine found."

In August 1989, the court suspended imposition of sentence and placed defendant on formal probation for three years conditioned on service of a one-year jail term. In 1992, defendant admitted violating his probation by failing to maintain contact with his probation officer and testing positive for cocaine, and his probation was modified, reinstated, and extended on condition that he serve an additional 60 days in jail.

In September 2004, defendant returned to the United States after an overseas trip and was "not admitted" based on the 1989 felony conviction. Nevertheless, he was apparently allowed to enter and remain in the United States. In February 2005, based on his 1989 conviction, defendant was "charged" with being "subject to removal" and ordered to appear "for Immigration Review" on a date "To Be Determined." Defendant was not detained until February 2013. At some point between February 2005 and February 2013, defendant became subject to a deportation order and an "ICE [Immigration and Customs Enforcement] hold." In February 2013, he was detained and incarcerated in Alabama pending removal proceedings. By that time, defendant had an adult daughter who is a United States citizen.

In October 2013, defendant filed a Penal Code section 1016.5 motion seeking to vacate the 1989 convictions and permit him to withdraw his pleas and admission. He submitted a declaration in which he asserted that he had not been given immigration advisements and "would have reconsidered my decision to plead guilty had I been informed" of the immigration consequences. The prosecution opposed the motion on the grounds that defendant could not prove prejudice from the lack of advisements and that he had failed to show reasonable diligence in bringing the motion. It conceded that defendant had not been given the advisements and was currently subject to adverse immigration consequences.

At the hearing on defendant's motion, his trial counsel argued that "defendant may well have fought the criminal charge with a hope of winning rather than conceding the charge with a certainty of being deported." The prosecutor argued that the court should

3

deny the motion based on defendant's failure to show reasonable diligence.  The court responded:  "Well, let me play a little devil's advocate.  What happened to him in 2004?  I mean, he wasn't deported.  The proceedings weren't beginning.  I mean, couldn't that just be just a good argument to say, 'Why would you be on notice?  Nothing happened before.  Why -- why should I worry about it?'"  The court made no ruling on the reasonable diligence issue.  Instead, the court denied defendant's motion on the ground that he "had failed to show prejudice" because he did not "present sufficient credible evidence that he would not have pleaded guilty had he been properly advised of the immigration consequences."  Defendant timely filed a notice of appeal.

## II.  Discussion

Penal Code section 1016.5 mandates that, before accepting a guilty or no contest plea, the court must advise the defendant that the plea "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."  (Pen. Code, § 1016.5, subd. (a).)  "If, after January 1, 1978, the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty.  Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement."  (Pen. Code, § 1016.5, subd. (b).)

"To prevail on a motion brought pursuant to Penal Code section 1016.5, a defendant must establish:  (1) he or she was not properly advised of the immigration consequences as provided by the statute; (2) there exists, at the time of the motion, more

4

than a remote possibility that the conviction will have one or more of the specified adverse immigration consequences; and (3) he or she was prejudiced by the nonadvisement, i.e., if properly advised, he or she would not have pleaded guilty or nolo contendere." (*People v. Dubon* (2001) 90 Cal.App.4th 944, 951-952.)  The defendant also bears the burden of proving reasonable diligence in bringing the motion.  (*People v. Totari* (2003) 111 Cal.App.4th 1202, 1208 (*Totari*).)  We review the superior court's denial of the motion for abuse of discretion.  (*People v. Chien* (2008) 159 Cal.App.4th 1283, 1287.)

" '[O]ne of the essential attributes of abuse of discretion is that it must clearly appear to effect injustice.  [Citations.]  Discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all of the circumstances before it being considered.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.)  "The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review.  The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious."  (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712, fns. omitted.)

## A.  Standard of Proof

Defendant contends that the trial court applied the wrong standard of proof.[1]  The court's written order stated that defendant "failed to show prejudice" because he did not "present sufficient credible evidence that he would not have pleaded guilty had he been properly advised of the immigration consequences."  Defendant asserts that the "clear

---

[1]     Defendant's brief refers to the "BURDEN OF PROOF," but it is clear that he is actually asserting that the court failed to apply the correct *standard* of proof.  The trial court unquestionably applied the correct burden of proof by placing that burden on defendant.

5

implication" of the trial court's language was that it was applying a "preponderance of the evidence" standard of proof rather than a "reasonably probable" standard of proof.

Defendant relies on *People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183 (*Zamudio*). In *Zamudio*, the California Supreme Court agreed that the defendant "must show . . . that, properly advised, he would not have pleaded no contest in the first place." (*Zamudio*, at p. 192.) This statement concerned the *burden of proof*. The court also stated in *Zamudio*: "Whether defendant was prejudiced by the trial court's incomplete advisements is a factual question, appropriate for decision by the trial court in the first instance. . . . '[W]hen the only error is a failure to advise of the consequences of the plea . . . [the] court must determine whether the error prejudiced the defendant, i.e., whether it is "reasonably probable" the defendant would not have pleaded guilty if properly advised.'" (*Zamudio*, at p. 210.) This statement concerned the *standard of proof*.

The California Supreme Court's statements in *Zamudio* illustrate that the requirement that a defendant "show" that he "would not have pleaded" guilty if properly advised concerns the *burden of proof*, which is on the defendant, not the "reasonably probable" *standard of proof* that the court applies to the required showing. The trial court's statement in this case that defendant had "failed to present sufficient credible evidence" said nothing about the *standard* of proof that the court was applying to determine whether defendant had met his *burden* of proof. Nor did the prosecutor mislead the trial court as to the applicable standard of proof; the prosecutor accurately and expressly relied on the standard of proof set forth in *Zamudio*.

We find no basis for defendant's claim that the trial court applied the wrong standard of proof since nothing in its order suggested that it was applying anything other than the standard set forth by the California Supreme Court in *Zamudio*. "The general rule is that a trial court is presumed to have been aware of and followed the applicable law." (*People v. Mosley* (1997) 53 Cal.App.4th 489, 496.) We apply that presumption

here, since the applicable standard of proof is well established, the prosecutor referenced it in his pleadings, and the trial court's order was not facially inconsistent with the application of the correct standard of proof.

### B. Abuse of Discretion

Defendant claims that the trial court abused its discretion in finding that he had not satisfied his burden of showing prejudice.

"[P]rejudice is shown if the defendant establishes it was reasonably probable he or she would not have pleaded guilty if properly advised." (*People v. Martinez* (2013) 57 Cal.4th 555, 559 (*Martinez*).) "The test for prejudice thus considers what the defendant would have done, not whether the defendant's decision would have led to a more favorable result." (*Martinez*, at p. 562.) "The defendant thus must convince the court he or she would have chosen to lose the benefits of the plea bargain despite the possibility or probability deportation would nonetheless follow." (*Martinez*, at p. 565.) "[T]he defendant bears the burden of establishing prejudice. (*Zamudio, supra,* 23 Cal.4th at p. 210.) To that end, the defendant must provide a declaration or testimony stating that he or she would not have entered into the plea bargain if properly advised. It is up to the trial court to determine whether the defendant's assertion is credible, and the court may reject an assertion that is not supported by an explanation or other corroborating circumstances." (*Martinez*, at p. 565.)

"[I]n determining the credibility of a defendant's claim, the court in its discretion may consider factors presented to it by the parties, such as the presence or absence of other plea offers, the seriousness of the charges in relation to the plea bargain, the defendant's criminal record, the defendant's priorities in plea bargaining, the defendant's aversion to immigration consequences, and whether the defendant had reason to believe that the charges would allow an immigration-neutral bargain that a court would accept." (*Martinez, supra*, 57 Cal.4th at p. 568.) "[T]he critical question is whether the defendant

7

would have rejected the plea bargain, not what the outcome of that decision would have been." (*Ibid.*)

Defendant's declaration was not precisely consistent with the requirement that he provide a "declaration or testimony stating that he or she *would not have entered into the plea bargain* if properly advised." (*Martinez, supra*, 57 Cal.4th at p. 565, italics added.) His declaration stated that he "would have *reconsidered* my decision to plead guilty" if properly advised. (Italics added.) While his declaration suggested that he *might* have chosen not to enter his pleas and admission if properly advised, it did not state that he *would have* chosen otherwise. However, since he was required to show only that it was *reasonably probable* that he would have chosen not to enter his pleas and admission, the precise wording of his declaration could not have been fatal to his claim. The trial court was required to examine the other relevant factors to determine whether it was reasonably probable that defendant's reconsideration would have led him to choose not to enter his pleas and admission.

It is true, as the Attorney General points out, that when defendant entered his pleas and admission, he was facing a prison term of three, four, or five years for the possession for sale count plus another year for the arming enhancement. (Stats. 1987, ch. 1174, § 3, eff. in September 1987 [former Health & Saf. Code, § 11351.5]; Stats. 1982, ch. 142, § 4, p. 477 [former Pen. Code, § 12022].) However, as defendant had no prior criminal record whatsoever, a disposition other than probation was highly unlikely. One relevant factor was the fact that defendant's pleas and admission were not entered as part of a plea bargan. Probation was the "indicated sentence," which confirms that probation was the sentence that defendant could expect regardless of whether he pleaded guilty or was convicted of all charges after a trial. "[T]he indicated sentence must be the same punishment the court would be prepared to impose if the defendant were convicted at trial. An indicated sentence, properly understood, is not an attempt to induce a plea by offering the defendant a more lenient sentence than what could be obtained through plea

8

negotiations with the prosecuting authority." (*People v. Clancey* (2013) 56 Cal.4th 562, 575.) Since the indicated sentence of probation was what defendant could expect regardless of whether he pleaded guilty or went to trial, the trial court could only have concluded that defendant did not receive any benefit by pleading guilty.

None of the remaining relevant factors provided any support for the trial court's finding that it was not reasonably probable that defendant would not have entered his pleas and admission if he had been advised of the immigration consequences. Defendant produced no affirmative evidence that immigration consequences were one of his priorities at the time of his 1989 pleas and admission, but the evidence compelled such an inference. Defendant was barely 20 years old and had lived in this country since he was 12 years. Since he had nothing to gain by pleading guilty, as he could expect to be granted probation whether he pleaded or not, the only reasonable inference that the trial court could draw was that it was reasonably probable that, if he had known that his guilty pleas and admission would threaten his permanent resident status, he would not have entered the pleas and admission. It was also a relevant factor that defendant denied his guilt on the felony count and was able to provide "a very convincing story of being mis-identified." The court could not reasonably conclude that this factor did not support defendant's petition.

Thus, all of the relevant factors supported defendant's assertion that it was reasonably probable that he would have chosen not to enter his pleas and admission if he had been advised of the immigration consequences. Because all of the evidence supported defendant's position, the trial court's contrary finding exceeded the bounds of reason under the circumstances and therefore constituted an abuse of discretion.

The Attorney General contends that we should nevertheless affirm the trial court's order because defendant failed to establish reasonable diligence even though the trial court made no finding on reasonable diligence. "The issue of diligence is particularly fact dependent." (*Totari*, *supra*, 111 Cal.App.4th at p. 1208.) As the trial court's

statements at the hearing reflected, the evidence did not unerringly support the prosecution's claim that defendant had not acted with reasonable diligence. The trial court plainly did not resolve any factual issues concerning defendant's reasonable diligence nor did it exercise its discretion to determine whether defendant's showing of reasonable diligence was adequate. As an appellate court, it is not our role to resolve factual issues and exercise discretion in the first instance. The appropriate disposition is to remand this matter to the trial court with directions to reconsider defendant's motion and resolve whether defendant made the requisite showing of reasonable diligence.

### III.  Disposition

The order is reversed, and the matter is remanded to the trial court with directions to reconsider defendant's motion and resolve whether defendant made the required showing of reasonable diligence.

_____

Mihara, J.

WE CONCUR:

_____

Bamattre-Manoukian, Acting P. J.

_____

Márquez, J.

11

Filed 1/5/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BINIAM ASGHEDOM,<br><br>    Defendant and Appellant. | H040563<br>(Santa Clara County<br> Super. Ct. No. 127937)<br><br>**ORDER GRANTING REQUEST**<br>**FOR PUBLICATION** |

BY THE COURT:

Pursuant to California Rules of Court, rule 8.1105(b), the request for publication is hereby granted. It is ordered that the opinion in this matter, filed on December 18, 2015, shall be certified for publication.


Date:                            _____
                                             Mihara, J.


                                             _____
                                             Bamattre-Manoukian, Acting P. J.


                                             _____
                                             Márquez, J.

Trial Court:                              Santa Clara County Superior Court


Trial Judge:                              Honorable Griffin M. J. Bonini


Attorneys for Plaintiff and Respondent:   Kamala D. Harris
                                          Attorney General of California

                                          Gerald A. Engler
                                          Senior Assistant Attorney General

                                          Seth K. Schalit
                                          Supervising Deputy Attorney General

                                          Laurence K. Sullivan
                                          Supervising Deputy Attorney General

                                          Kevin Kiley
                                          Deputy Attorney General


Attorney for Defendant and Appellant:     Michael K. Mehr
                                          Under Appointment by the Sixth
                                          District Appellate Program


People v. Asghedom
H040563