Filed 5/19/23  P. v. Montelongo CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ESTEVAN S. MONTELONGO,<br><br>    Defendant and Appellant. | D080790<br><br><br>(Super. Ct. No. SCN388970) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert J. Kearney, Judge.  Affirmed and remanded.

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Paige Hazard, Eric Tran, and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Estevan Steve Montelongo guilty of first degree murder (Pen. Code, § 187, subd. (a))[2] with personal and intentional discharge of a firearm proximately causing death (§ 12022.53, subd. (d)) for shooting his girlfriend in the head and killing her.  The court further found that Montelongo had suffered a prior serious felony conviction (§ 667, subd. (a)(1)), which also constituted a prior strike (*id.*, subds. (b)-(i)).  The court sentenced Montelongo to prison for 75 years to life plus five years—a doubled two-strikes sentence of 50 years to life for the murder, 25 years to life for the firearm enhancement, and five years for the serious felony prior.

In a prior appeal, we reversed and remanded the matter for resentencing so that the trial court could exercise its discretion whether to impose a lesser firearm enhancement under the holding of *People v. Tirado* (2022) 12 Cal.5th 688.  (*People v. Montelongo* (April 26, 2022, D078706) [nonpub. opn.].)  On remand, the court held a new sentencing hearing and again imposed the same sentence of 75 years to life plus five years.

In this appeal, Montelongo now contends that: (1) the trial court was required to dismiss the firearm enhancement under section 1385, subdivisions (c)(2)(B) and (c)(2)(C); (2) the trial court erred in finding that dismissal of an enhancement would endanger public safety; and (3) the abstract of judgment should be amended to reflect the trial court's March 10,

---

[1]    We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)  Rather than restate the factual and procedural background of the case, we will assume familiarity with our prior opinion from Montelongo's first appeal (*People v. Montelongo* (April 26, 2022, D078706) [nonpub. opn.]).

[2]    Undesignated statutory references are to the Penal Code.

2023 order awarding additional custody credits. We reject the first two contentions but agree with the third.

## DISCUSSION

### I

We begin with Montelongo's contention that dismissal of the 25-years-to-life firearm enhancement was mandatory under section 1385, subdivisions (c)(2)(B) and (c)(2)(C). "For all criminal sentencings after January 1, 2022, our Legislature in Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) has provided direction on how trial courts are to exercise their discretion in deciding whether to dismiss sentencing enhancements." (*People v. Walker* (2022) 86 Cal.App.5th 386, 391 (*Walker*).) Specifically, section 1385, subdivision (c)(1) now provides that "the court shall dismiss an enhancement if it is in the furtherance of justice to do so," and subdivision (c)(2) states that "[i]n exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence" of nine listed "mitigating circumstances," any one of which "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." Subdivision (c)(3) further provides: "While the court may exercise its discretion at sentencing, this subdivision does not prevent a court from exercising its discretion before, during, or after trial or entry of plea."

The nine listed "mitigating circumstances" include factors such as mental illness, prior victimization, childhood trauma, use of an inoperable or unloaded firearm, the defendant's status as a juvenile, and the use of a prior conviction that is over five years old. (§ 1385, subd. (c)(2)(A)-(I).) They also include the following two mitigating circumstances of relevance to this appeal: "(B) Multiple enhancements are alleged in a single case. *In this*

3

*instance, all enhancements beyond a single enhancement shall be dismissed.*
[¶] (C) The application of the enhancement could result in a sentence of over 20 years. *In this instance, the enhancement shall be dismissed.*" (§ 1385, subd. (c)(2), italics added.)

Montelongo argues that because two separate enhancements were alleged and found true (the firearm enhancement and the serious felony prior), and because they resulted in a sentence of over 20 years, the firearm enhancement *must* be dismissed under section 1385, subdivisions (c)(2)(B) and (c)(2)(C). He contends that the trial court lacked any discretion to impose the 25-years-to-life firearm enhancement because the "shall be dismissed" language of these subdivisions made dismissal mandatory.

Other California courts have consistently rejected this mandatory dismissal argument in construing the "shall be dismissed" language of subdivisions (c)(2)(B) and (c)(2)(C). (See *People v. Mendoza* (2023) 88 Cal.App.5th 287, 290–293; *People v. Anderson* (2023) 88 Cal.App.5th 233, 238–240; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 15–21; *Walker*, *supra*, 86 Cal.App.5th at pp. 391, 395–398.)

We find the reasoning of these cases to be persuasive and adopt their holdings as our own. The statutory words "shall be dismissed" cannot be read in isolation. Construed as a whole, the statute makes clear that the listed mitigating circumstances merely guide the court's discretion in determining whether a dismissal is in furtherance of justice. Subdivision (c)(1) first sets forth the governing "furtherance of justice" standard for dismissal, then subdivision (c)(2) states that the court must consider the listed mitigating circumstances "[i]n exercising its discretion" whether to dismiss. Subdivision (c)(2) further states that dismissal is not required if the court finds that it would "endanger public safety." Subdivision (c)(3) confirms the discretionary

4

nature of this decision by stating that the court "may exercise its discretion at sentencing" but is not prevented "from exercising its discretion" earlier in the proceedings. We therefore join our sister courts in finding that the "shall be dismissed" language of subdivisions (c)(2)(B) and (c)(2)(C)—read in the context of the statute as a whole—applies only after a court has exercised its discretion in determining that a dismissal is "in the furtherance of justice" and would not "endanger public safety." (§ 1385, subds. (c)(1), (c)(2).)

## II

We also reject Montelongo's argument that the trial court erred by finding that dismissal of the enhancements would endanger public safety. A court's discretionary decision to dismiss or strike a sentencing enhancement under section 1385 is reviewable for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373 (*Carmony*).)

The trial court found that dismissal of the sentencing enhancements under section 1385 would endanger public safety "because of the fact that [Montelongo] has demonstrated multiple times that he is a danger to females in this society." Specifically, the court noted that Montelongo had a 1999 prior conviction for aggravated assault with a deadly weapon against another girlfriend, as well as a 2000 prior conviction for assaulting and knocking unconscious a female prison guard, and in the current offense, he shot his girlfriend in the head and killed her. The court concluded that Montelongo's record indicated that he "has issues with regard to his anger" creating a risk that "females can be seriously injured if not killed." For these reasons, the court declined to exercise its discretion under section 1385 to dismiss the enhancements.

This ruling was not an abuse of discretion because it was not "so irrational or arbitrary that no reasonable person could agree with it."

5

(*Carmony*, *supra*, 33 Cal.4th at p. 377.) Montelongo contends that even if both the firearm and serious felony enhancements were dismissed, he would still be over 90 years old before he becomes eligible for parole. But it was for the trial court to weigh this fact along with the relevant risk factors. Based on Montelongo's prior record and the current offense, it was not irrational or arbitrary for the trial court to conclude that public safety would be endangered by striking these enhancements and making Montelongo eligible for earlier release. The trial court could have made a different sentencing decision, but it did not exceed the bounds of reason by making the decision it did.

Contrary to Montelongo's contentions, nothing in the record suggests that the trial court applied the wrong legal standard in finding that a dismissal would endanger public safety. Section 1385, subdivision (c)(2) defines "endanger public safety" to mean "there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." By finding that Montelongo was "a danger to females in this society"—and focusing on the risk that women could "be seriously injured if not killed"—the court faithfully applied the statutory standard. Absent any contrary indication in the record, we must presume that the court was aware of and applied the correct legal standard. (*People v. Asghedom* (2015) 243 Cal.App.4th 718, 725.)

### III

Finally, Montelongo argued in his opening brief that the trial court erred by not awarding him custody credits for the time he actually spent in prison between the date of his original sentencing and the date of the resentencing. The People conceded that the trial court should have awarded credits for the actual time Montelongo had already served in jail or prison as

6

of the date of the resentencing. (§ 2900.1; *People v. Buckhalter* (2001) 26 Cal.4th 20, 29; *People v. Saibu* (2011) 191 Cal.App.4th 1005, 1012.) While this appeal was pending, however, the trial court cured the error by awarding additional custody credits in a minute order dated March 10, 2023. In his reply brief, Montelongo no longer argues that additional credits should be awarded, but contends that the abstract of judgment should be amended to reflect the additional custody credits awarded on March 10, 2023. We agree that the abstract of judgment should be so amended.

## DISPOSITION

As amended by the minute order of March 10, 2023, the judgment is affirmed. The matter is remanded to the trial court to issue an amended abstract of judgment reflecting the additional credits awarded on March 10, 2023. The court shall forward a copy of the amended abstract to the Department of Corrections and Rehabilitation.


BUCHANAN, J.

WE CONCUR:



McCONNELL, P. J.



CASTILLO, J.

7