Filed 10/27/23  P. v. Gray CA2/2
Opinion on remand from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B302236 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA065662) |
| v. | |
| DONTRAE GRAY, | **OPINION ON REMAND** |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Renee F. Korn, Judge.  Conditionally reversed and remanded with directions.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel,

Jr., Michael Katz, Scott A. Taryle, Teresa A. Reed Dippo and Michael R. Johnsen, Supervising Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

The trial court found Dontrae Gray (defendant) in violation of his probation, in part based on a bodycam video in which defendant's girlfriend recounted how he had assaulted her. Defendant appealed, arguing that the trial court's admission of the video, absent an opportunity to cross-examine the girlfriend, violated his due process right of confrontation. We originally affirmed the trial court's judgment (*People v. Gray* (April 30, 2021, B302236), previously published at *People v. Gray* (2021) 63 Cal.App.5th 947), but our Supreme Court granted review and reversed, holding that the admissibility of the bodycam video turns on a weighing of "the government's showing of good cause" (and other considerations) against "a defendant's confrontation rights." (*People v. Gray* (2023) 15 Cal.5th 152, 169 (*Gray*).) Because the trial court did not have the opportunity to engage in this weighing, and because the parties did not have the incentive to introduce evidence pertinent to this weighing, we remand to the trial court to apply *Gray*'s weighing test in the first instance.

## FACTS AND PROCEDURAL BACKGROUND

On March 30, 2019, defendant's girlfriend called 911 to report that "some[one]" was "trying to break" and "kick" in her door; the call also captured the girlfriend telling defendant—using his nickname—to "stop." When the police arrived mere minutes after the call, the girlfriend was "upset," "visibly crying" and "breathing heavily," and "scared to talk." While in this agitated state, she told police that defendant had shown up at her

front door, screamed, "Bitch, open the door," proceeded to "kick[in] the door," and then tried to punch her 20 times. The girlfriend's entire statement was captured on a bodycam worn by one of the responding officers. The officers observed that the front door, door frame, and doorjamb were "broken" and "pretty trashed," and that the girlfriend had several bruises and a small scratch on her cheek consistent with being in an altercation.

The girlfriend later recanted in part. A few days after the incident, she told a police detective that she had been "mad" and merely "wanted [defendant] out of her house," and that the source of her injuries was a fall she took when she fell backwards after defendant kicked her door open. She later told the prosecutor she was "lying about some things."

The People charged defendant with (1) inflicting corporal injury upon a person in a dating relationship (Pen. Code, § 273.5, subd. (a));[1] and (2) residential burglary (§ 459). The People subpoenaed the girlfriend, but she did not appear. The trial court ruled that the confrontation clause of the United Sates Constitution barred admission of the bodycam video at trial because the girlfriend was unavailable for cross-examination; after the People indicated they could not proceed without the video, the court dismissed the case.

The People also charged the March 2019 incident as a probation violation. At the time of the incident, defendant was on probation for a 2015 conviction for assault with a deadly weapon. The trial court ruled that the first seven minutes of the bodycam video—the minutes in which the girlfriend described what happened—constituted an excited utterance under Evidence

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

3

Code section 1240. Following our Supreme Court's decision in *People v. Arreola* (1994) 7 Cal.4th 1144 (*Arreola*), the trial court ruled that (1) due process governs a defendant's right to cross-examine a witness at a probation violation hearing; and (2) this due process right of confrontation is honored as long as (a) a hearsay statement falls into a firmly rooted hearsay exception, or (b) there is otherwise "good cause" for dispensing with confrontation that, on balance in a particular case, outweighs the defendant's need for confrontation. The court found that defendant had violated his probation, and imposed a previously suspended sentence.

Defendant then filed this timely appeal.

## DISCUSSION

In *Gray*, our Supreme Court reaffirmed *Arreola*'s holding that due process governs a defendant's right to cross-examine witnesses at a probation violation hearing, but extended *Arreola* to require courts, when evaluating whether this right has been honored, to engage in a "comprehensive, holistic" and "case-specific balancing process"—and, critically, to do so *whether or not* the hearsay statement at issue falls into a firmly rooted hearsay exception. (*Gray*, *supra*, 15 Cal.5th at pp. 163-164, 166, 169.) More specifically, the court held that trial courts must "weigh" the government's interests in using the statement without producing the hearsay declarant for cross-examination against a "defendant's interests in confronting a hearsay declarant." (*Id*. at pp. 169, 173.) Factors relevant to the government's interests include (1) whether the People have established "good cause" for the witness's absence; and (2) whether there are "other indicia" of the statement's reliability, "including the fact that the statements fall within a firmly rooted

4

exception to the hearsay rule." (*Ibid*.) The People establish "good cause" for not producing a hearsay declarant for cross-examination "'(1) when the declarant is "unavailable" under the traditional hearsay standard [citation], (2) when the declarant, although not legally unavailable, can be brought to the hearing only through great difficulty or expense, or (3) when the declarant's presence would pose a risk of harm (including, in appropriate circumstances, mental or emotional harm) to the declarant.'" (*Id*. at p. 166, quoting *Arreola*, *supra*, 7 Cal.4th at pp. 1159-1160.) Factors relevant to a defendant's interests in confronting a declarant include (1) how "'significan[t] . . . the particular evidence [is] to [the] factual determination'" of the probation violation in the case in terms of (a) the purpose for which the evidence is offered and (b) the centrality of that evidence to proving up the violation; and (2) whether any "'other admissible evidence' corroborates the statements at issue" (or whether, instead, the statement is the "sole evidence establishing a violation of probation"). (*Id*. at p. 169, quoting *Arreola*, at p. 1160.)

At the time the trial court issued its ruling on the admissibility of the girlfriend's statement at the probation violation hearing here, the Supreme Court's 2023 decision in *Gray* had (obviously) not been decided. Thus, the trial court had no occasion to apply *Gray*'s balancing test or, as part of that test, to consider whether the People had demonstrated "good cause." "Good cause" is typically a fact-driven inquiry. (E.g., *Kirchmeyer v. Helios Psychiatry Inc.* (2023) 89 Cal.App.5th 352, 362 ["good cause" in discovery turns on "'factual justification'"]; *Estate of Kerkorian* (2018) 19 Cal.App.5th 709, 721 ["good cause" in probate action "'"calls for a factual exposition"'"]; *People v. Gatlin*

(1989) 209 Cal.App.3d 31, 40 ["good cause" for continuances in criminal cases is a factual question to be determined by the trial court].) Because, until *Gray*, "good cause" was not relevant to the admission of a hearsay statement falling within a firmly rooted hearsay exception, the parties also had no incentive to introduce facts pertinent to good cause[2]—including whether defendant's girlfriend was "unavailable" under the traditional hearsay rule (which typically involves an inquiry into the People's diligence in securing her attendance), the difficulty and expense of bringing the girlfriend to the hearing, and whether she would be mentally or emotionally harmed by having to appear and testify. Because "[a]s an appellate court, it is not our role to resolve factual issues and exercise discretion in the first instance" (*People v. Asghedom* (2015) 243 Cal.App.4th 718, 728), we remand the matter to the trial court to permit the parties to introduce evidence bearing on the factors to be balanced under *Gray* and to exercise its discretion in balancing those factors. If the trial court determines that its balancing favors admission of the girlfriend's statement, the probation violation shall remain valid; if the court determines that its balance favors exclusion, the court should vacate the judgment finding defendant in violation of his probation (because the People have conceded in supplemental briefing that if the girlfriend's statements were erroneously admitted, that error would not be harmless beyond a reasonable doubt). (Accord, *People v. Wycoff* (2021) 12 Cal.5th 58, 92-96 [discussing retrospective competency hearings following a similar procedure].)

---

[2] Our observation in our now-vacated opinion that the record did not contain facts establishing "good cause" is unhelpful—and not binding—for that very reason.

**DISPOSITION**

The judgment finding defendant in violation of probation is conditionally reversed and remanded to the trial court to determine whether the statement by defendant's girlfriend recorded on the officer's bodycam is admissible under *Gray*'s balancing test.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
HOFFSTADT

We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ