Filed 8/1/16  P. v. Mejia CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>SEBASTIAN LEON MEJIA,<br><br>   Defendant and Appellant. | F071978<br><br>(Tulare Super. Ct. No. VCF289597)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Darryl B. Ferguson, Judge.

Zulu Ali, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Gomes, Acting P.J., Franson, J. and Peña, J.

## INTRODUCTION

On October 29, 2013, defendant entered a plea of no contest to one count of cultivation of marijuana (Health & Saf. Code, § 11358) and one count of misdemeanor resisting, obstructing, or delaying a peace officer (Pen. Code, § 148, subd. (a)(1)).[1]  In January of 2014, defendant filed a motion to withdraw his plea, which was denied. Defendant was subsequently sentenced to one year in local custody and formal probation. Defendant then filed a motion to vacate his conviction, which was also denied.

On appeal, defendant contends the trial court erred by denying his motion to vacate his conviction, as he was not properly advised by the court of the immigration consequences of his plea at the time it was entered.  We affirm.

## FACTS

On October 3, 2013, defendant fled from police who sought to serve him with a felony warrant, and dropped two eight-ounce bags of marijuana in the process.  Police then discovered 64 marijuana plants at defendant's residence, and subsequent questioning of defendant's wife revealed that defendant grew marijuana behind the residence. Defendant turned himself in the following day, and was charged with one count of cultivation of marijuana, four counts of misdemeanor child cruelty, and one count of misdemeanor resisting, obstructing, or delaying a peace officer.

On October 29, 2013, defendant entered pleas of no contest to the charges of cultivation of marijuana and misdemeanor resisting, obstructing, or delaying a peace officer.  Prior to accepting the plea, the trial court advised defendant that, "[i]f you're not a citizen of the United States, your plea of guilty or no contest will result in your being deported from the United States, denied readmission, naturalization, permanent residency [*sic*]."  Defendant indicated he wished to go forward with the plea, and the plea was accepted.

---

[1]     All subsequent statutory references are to the Penal Code.

In January of 2014, defendant filed a motion to withdraw his plea, supporting his motion with a sworn statement that he had never been advised by his attorney that entering his plea would result in deportation. Defendant also stated he would not have entered a plea had he known the immigration consequences of his plea. On February 26, 2014, however, the trial court denied defendant's motion.

On March 3, 2014, defendant's judgment was officially entered. Defendant filed a motion to vacate his conviction. Defendant supported the motion with a sworn statement that "the court did not properly advise me that I was subject to mandatory deportation and/or denial of relief, voluntary departure, bar from reentry, and/or any other consequences if I pled nolo contendere or guilty in this case." The trial court denied defendant's motion, noting the transcript of the plea hearing established defendant had been properly advised of the immigration consequences of his plea.

This appeal followed.

## DISCUSSION

Defendant argues the trial court erred by denying his motion to vacate his conviction, as he was not properly advised by the court of the immigration consequences of his plea at the time it was entered. We disagree.

Section 1016.5, subdivision (a) requires that prior to accepting a plea of guilty or no contest, a trial court must advise a defendant that: "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." (See *People v. Martinez* (2013) 57 Cal.4th 555, 558.) If the court fails to make such an advisement when the offense pled to "may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States," the conviction must be set aside. (§ 1016.5, subd. (b).)

3.

In the instant case, the trial court informed defendant, in court and on the record, that if he was not a citizen of the United States, his plea would result in his deportation, and that he would also be denied readmission, naturalization, or permanent residency. Accordingly, defendant's claim that he was not advised of the immigration consequences of his plea is wholly without merit and manifestly contradicted by the record. Defendant is not entitled to relief.

## DISPOSITION

The judgment is affirmed.