Filed 1/11/23  P. v. Brown CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B315488 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA457435 |
| v. | |
| BYRON ROBERT BROWN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed.

Roberta Simon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and David F. Glassman, Deputy Attorney General, for Plaintiff and Respondent.

Four years after pleading no contest to one count of felony identity theft, Byron Robert Brown (defendant) moved to vacate his conviction under Penal Code section 1473.7 (section 1473.7), claiming newly discovered evidence of actual innocence.[1]  As we will explain, the asserted newly discovered evidence was information that, in defendant's words, "police officers testified to tracing back one set of emails from a strip club to one executive's email address, which [defendant] alleges was not in fact that employee's correct email address"—but was the ostensible predicate for one of the identity theft charges against defendant. The trial court denied the motion and we are asked to decide whether this was error because defendant carried his burden to meet the section 1473.7 threshold for vacating a conviction.

## I.  BACKGROUND

### A.    *Defendant's No Contest Plea*

According to a probation officer's report that was stipulated to as providing the factual basis for defendant's no contest plea, several executives at a Fox entertainment company (Fox) received over 25 unsolicited emails and phone calls in 2016 from various business as a result of identity theft.  The executives' identities were used to create restaurant reservations, request materials from clubs and bars, and lodge false complaints with

---

[1]     Section 1473.7 authorizes a person no longer in custody to move to vacate a prior conviction on several grounds including the existence of "[n]ewly discovered evidence of actual innocence . . . that requires vacation of the conviction or sentence as a matter of law or in the interests of justice."  (§ 1473.7, subd. (a)(2).)

2

businesses. The requests for information were made in a manner seemingly designed to embarrass and humiliate the executives. For example, a response from one of the solicited companies, a strip club, included lewd photographs of persons in skimpy clothing or displaying frontal nudity. The targeted executives included T.L., an in-house attorney for Fox who was involved in defendant's termination from the company several years earlier.[2] Fox's investigators estimated the total cost to the company of investigating and responding to the emails and phone calls to be approximately $31,200.

Police searched defendant's home and seized electronic equipment as evidence. After determining defendant's computer was the source of the fraudulent reservations, requests, and complaints at issue, the police arrested defendant and the Los Angeles County District Attorney charged him by information with nine counts of felony identity theft (§ 530.5, subd. (a)).

In October 2017, pursuant to a negotiated disposition reached after the preliminary hearing, defendant agreed to plead no contest to one count of identity theft (the first of three counts identifying T.L. as the victim) and the People agreed to dismiss the remaining eight counts. By virtue of this agreement, defendant secured a commitment that he would be sentenced to three years' formal probation, instead of the maximum three-year

---

[2] In 2009, after being terminated from his employment at Fox, defendant was convicted of similar misconduct directed at other Fox employees. In 2018, defendant moved to vacate his earlier conviction arguing newly-discovered evidence established his actual innocence. The motion was denied and the ruling affirmed by another division of this court. (*People v. Brown* (June 24, 2021, B300869) [nonpub. opn.].)

prison sentence he could face if he went to trial and were convicted.

At the plea hearing, defendant was represented by counsel. Before the prosecutor conducted a plea colloquy with defendant, defendant agreed on the record that he understood the plea agreement, had conferred with his attorney about it, and wanted to accept it. During the colloquy with the prosecutor, defendant affirmed that by changing his plea from not guilty to no contest he would be implicating himself in the charged offense and wished to do so freely and voluntarily. Defendant further affirmed he understood that when he pled no contest and the court found him guilty, he would be treated as "guilty for all purposes." Based on his affirmations, the court accepted defendant's no contest plea, found him guilty of the theft of T.L.'s identity, and sentenced him to formal probation for three years.[3]

### B. Defendant's Motion to Vacate

In May 2021, after successfully completing his probation and without requesting appointment of counsel, defendant filed a section 1437.7 motion to vacate his conviction based on asserted newly-discovered evidence of his actual innocence.[4] According to defendant's motion, evidence was introduced at the preliminary hearing showing an email address for T.L. "@fox.com" was entered into a strip club's database from the internet protocol

---

[3]  Defendant was also sentenced to 237 days in jail with credit for time served in the same amount.

[4]  Defendant previously sought to attack his conviction on substantially similar grounds via habeas corpus petitions, all of which were denied.

4

address assigned to defendant's computer.[5]  After his conviction and release from jail, defendant claimed he learned "the email address [he] was convicted of using never existed" and T.L. actually used another email address with a different variant of his name.  Defendant argued his post-conviction discovery of T.L.'s purportedly correct work email address established his innocence because it showed he did not use any of T.L.'s personal identifying information.

In a declaration filed with his section 1473.7 motion, defendant averred that had he known the email address referenced during the preliminary hearing as the basis of the offense for which he ultimately pled no contest was not T.L.'s actual work email address he "would have not entered into the plea agreement."  Defendant also claimed he could not have learned of T.L.'s correct email address prior to the change of plea hearing because he was incarcerated.

Defendant submitted three documentary exhibits with his section 1473.7 motion that purport to show T.L.'s "correct" work email address.  Exhibit C, a two-page document, appears to be a printout of a page from an unidentified website which summarizes pending or completed litigation and offers short, descriptive annotations about case milestones.  The document identifies T.L. as counsel for three Fox entities (Fox Entertainment Group, Inc., Fox Sports Digital Nets Inc., and Fox Sports Networks Inc.) named as defendants in a civil rights or employment action filed in federal district court in 2003 and lists

---

[5]  The preliminary hearing transcript was before the trial court at the time of its ruling on defendant's motion but it has not been made part of the record in this appeal.

an email address for T.L. different from the email address apparently referenced during the preliminary hearing. Nothing on the exhibit indicates when the web page was created, last updated, viewed, or printed. Exhibit D is a single page that also appears to be a printout from an unidentified website summarizing pending or resolved litigation.[6] The printout refers to a labor lawsuit filed in federal district court in 2014; although the document stated it was "last checked" on January 19, 2015, it did not indicate how or by whom the document was checked. Despite generally similar subject matter, the style and format of Exhibit D differed significantly from that found in Exhibit C, suggesting it originated from a different website. Moreover, in contrast to Exhibit C, Exhibit D did not contain any reference to or information about T.L. or his work email address at the time of the charged offense or at any time before or after. Exhibit E, another one-page document, appears to be an undated printout from a page of the State Bar of California's website. The document identified T.L. as an employee of 21st Century Fox Legal and lists an email address for T.L. different from the email address apparently referenced during the preliminary hearing.

In August 2021, the same trial judge who presided over the plea hearing held a hearing on defendant's section 1473.7 motion to vacate. At the hearing, the prosecution advised the trial court it opposed the motion to vacate but, in view of defendant's fulfillment of the terms of his probation, would not object to a different motion reducing the conviction to a misdemeanor and,

---

[6] Exhibit D appears to be the first page of a two-page exhibit which defendant had submitted in support of his habeas petitions.

6

once so reduced, expunging the conviction. The trial court denied the motion to vacate but granted defendant's oral motion to reduce his conviction to a misdemeanor, vacated defendant's no contest plea, and dismissed the information.[7]

## II. DISCUSSION

Defendant's section 1473.7 motion was correctly denied—for three independently sufficient reasons.[8] First, the exhibits proffered to show defendant's innocence were not authenticated by defendant or any other witness. Second, even if defendant had authenticated the exhibits, those documents do not establish his actual innocence because they do not preclude the possibility that T.L., who apparently worked for several different Fox entities and represented even more, used more than one work email address such that the email address referenced during the preliminary hearing would also be a "correct" email address. Third, even if there were evidence T.L. did only use an email address different from the address referenced during the preliminary hearing, defendant did not offer any evidence besides a single self-serving sentence in his declaration that, but for the purportedly incorrect preliminary hearing testimony about the address, he would have rejected the favorable plea agreement

---

[7] The trial court did not articulate on the record the reasons for denying defendant's section 1473.7 motion.

[8] We resolve defendant's claims on the merits because he may face certain collateral consequences as a result of his no contest plea, such as the inability to own, possess, or have custody or control of a firearm (Pen. Code, § 1203.4, subd. (a)(2).)

7

offered to him and gone to trial on all nine counts of identity theft with which he was charged.[9]

## A.    *Section 1473.7 and the Standard of Review*

As quoted already in the margin, section 1473.7, subdivision (a)(2), allows a person who is no longer in custody to file a motion to vacate his or her conviction or sentence where "[n]ewly discovered evidence of actual innocence exists that requires vacation of the conviction or sentence as a matter of law or in the interests of justice." As the moving party under the statute, the defendant has the burden to establish his innocence by a "preponderance of the evidence." (§ 1473.7, subd. (e)(1).) We independently review the grant or denial of a motion brought pursuant to section 1473.7. (*People v. Vivar* (2021) 11 Cal.5th 510, 524-527 (*Vivar*).)

---

[9]    Defendant perfunctorily claims he "did not have an opportunity to be heard" on his motion in the trial court. Our rejection of the claim can be equally brief: the record shows that, after advising defendant of its tentative ruling on the motion to vacate, the trial court expressly offered defendant the opportunity to argue his motion or, in the alternative, to proceed with the prosecutor's suggestion that he make an oral motion to have his conviction reduced and ultimately expunged. Defendant elected not to offer oral argument on his motion to vacate and instead chose to proceed directly with the prosecutor's suggestion.

Defendant also oddly asserts his attorney "did not adequately represent him" at the hearing on the motion to vacate. Defendant was self-represented during the hearing, and there is no claim that defendant requested appointment of counsel and the request was wrongly refused.

*B.* *Defendant's Evidence Was Unauthenticated*

The three website printouts offered by defendant as proof of his actual innocence were unauthenticated and inadmissible. Authentication is statutorily defined as "the introduction of evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is." (Evid. Code, §§ 1400, 1401; *People v. Goldsmith* (2014) 59 Cal.4th 258, 266-267 (*Goldsmith*).) A proponent of an evidentiary exhibit may authenticate the evidence through testimony of the person who created the exhibit or "by other witness testimony, circumstantial evidence, content and location." (*Goldsmith*, *supra*, at 268; accord, *Greenspan v. LADT LLC* (2010) 191 Cal.App.4th 486, 523 [observing it is "routine in law-and-motion practice" for the moving party to submit declarations by individuals who have personal knowledge of the attached exhibits and can attest to their authenticity, i.e., identify the documents and show how they were obtained and "their status as true and correct copies of the 'originals'"].) Here, defendant did not identify the documents, explain how he acquired them, or even affirm they were faithful copies of the originals. Because defendant's motion was accordingly unsupported by any admissible evidence, it was correctly denied.

*C.* *Even If Admissible, Defendant's Evidence Does Not Establish His Actual Innocence*

Even if defendant had authenticated his supporting exhibits, those documents were not sufficient by themselves to establish his actual innocence. The "gravamen of the [Penal Code] section 530.5, subdivision (a) offense is the unlawful use of a victim's identity." (*People v. Sanders* (2018) 22 Cal.App.5th

9

397, 400.)  The identity theft statute sets out the elements of the crime as follows: "Every person who willfully obtains personal identifying information . . . of another person, and uses that information for any unlawful purpose, . . . without the consent of that person, is guilty of a public offense . . . ." (Pen. Code, § 530.5, subd. (a); *People v. Barba* (2012) 211 Cal.App.4th 214, 223.) "Personal identifying information" includes "any name, address, telephone number, . . . unique electronic data including information identification number assigned to the person, address or routing code, . . . or an equivalent form of identification." (Pen. Code, § 530.55, subd. (b).)

Here, defendant did not present any evidence that in the fall of 2016 the personal identifying information apparently referenced during the preliminary hearing did not exist. Rather—at best—defendant produced evidence showing T.L. used another email address (though not to the exclusion of the address referenced at the preliminary hearing).  Moreover, defendant's exhibits, if authentic, suggested T.L. was at different times employed by several different Fox entities (21st Century Fox Legal, Twentieth Century Fox, and Fox Group Legal) and represented a variety of different Fox entities (Fox Entertainment Group, Inc., Fox Sports Digital Nets Inc., Fox Sports Networks Inc., and Twentieth Century Fox Film Corporation), one or more of which may have allowed or required him to have more than one work email address.  In the absence of evidence that at all relevant times T.L. had but one work email address and it was not the one apparently referenced during the preliminary hearing, defendant failed to show he did not use T.L.'s personal identifying information for an unlawful purpose.

10

Because defendant's evidence was insufficient to establish he was actually innocent of the crime to which he pled no contest, his section 1473.7 motion was correctly denied.

> D.  *Defendant Did Not Come Forward with Adequate Evidence to Show He Would Not Have Pled No Contest but for the Claimed Newly Discovered Evidence*

A defendant seeking to set aside a plea cannot rely on self-interested assertions alone.  (*People v. Abdelsalam* (2022) 73 Cal.App.5th 654, 664 [section 1473.7 claims "must be corroborated by evidence beyond the defendant's self-serving statements"].)  "[W]hen a defendant seeks to withdraw a plea . . . , we have long required the defendant corroborate such assertions with '"objective evidence."'  [Citation.]"  (*Vivar*, *supra*, 11 Cal.5th at 530; accord, *People v. DeJesus* (2019) 37 Cal.App.5th 1124, 1134 ["'Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded . . . .  [Rather, they] should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences'"]; see generally *People v. Martinez* (2013) 57 Cal.4th 555, 565 ["It is up to the trial court to determine whether the defendant's assertion [about the circumstances of his plea] is credible, and the court may reject an assertion that is not supported by an explanation or other corroborating circumstances"].)

Here, defendant did not come forward with any independent, objective, corroborative evidence that would have supported a choice to reject the advantageous plea deal offered to him and proceed to trial on all nine counts of identity theft and

11

risk years in prison.  The only evidence presented regarding defendant's plea decision was a single, conclusory sentence in his declaration.  Standing alone, this self-serving statement was insufficient, and the section 1473.7 motion was correctly denied for that reason too.

## DISPOSITION
The trial court's order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

RUBIN, P. J.

KIM, J.