Filed 5/28/24  P. v. Oliva CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B329696 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA110580) |
| v. | |
| RAMON RUESGA OLIVA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Christian R. Gullon, Judge.  Reversed and remanded with directions.

Jose Jordan & Associates and Jose R. Jordan for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Ramon Ruesga Oliva appeals from the denial of his motion to vacate pursuant to Penal Code section 1473.7. We reverse and remand for further proceedings.

**FACTUAL AND PROCEDURAL SUMMARY**

Defendant was charged with one count of possession of an assault weapon (Pen. Code, § 30605, subd. (a)). In January 2016, at a hearing at which defendant was represented by counsel and was assisted by a Spanish language interpreter, he pled no contest to the weapons charge.

In accordance with the terms of the plea agreement, the court suspended imposition of sentence and placed defendant on three years of formal probation. Defendant was ordered to serve 15 days of community service and three days in jail. He was given credit for time served.

Defendant successfully completed probation. In 2018, defendant obtained an order reducing the conviction to a misdemeanor pursuant to Penal Code section 17, subdivision (b). In 2019, defendant obtained an order setting aside his plea, vacating his conviction and dismissing the case pursuant to section 1203.4. The expungement pursuant to section 1203.4 has no effect on federal immigration consequences. (*People v. Martinez* (2013) 57 Cal.4th 555, 560.)

In August 2022, defendant filed a motion to withdraw his plea and vacate his conviction pursuant to Penal Code section 1473.7, supported by his declaration, a declaration from his present counsel and several exhibits. Defendant argued he did not meaningfully understand the legal ramifications of his plea and that his former counsel did not fully inform him of the specific immigration consequences of the plea offer.

At the start of the hearing on defendant's motion, defense counsel advised the court that he and the prosecutor "have come to an agreement on the motion and we'd like–I believe that they will be joining with the motion. And I believe they will be adding a count." But the court said the motion to vacate would have to be adjudicated before there would be any basis for discussing a new disposition.

The parties then submitted on their papers. The court denied defendant's motion. This appeal followed.

## DISCUSSION

Accurate information about immigration consequences allows "many noncitizen defendants . . . to plead to a conviction and sentence that satisfy the prosecution and court, but that have no, or fewer, adverse immigration consequences than the original charge." (Pen. Code, § 1016.2, subd. (d).) To promote this outcome, California law provides that "[t]he prosecution, in the interests of justice, and in furtherance of the findings and declarations of Section 1016.2, shall consider the avoidance of adverse immigration consequences in the plea negotiation process as one factor in an effort to reach a just resolution." (§ 1016.3, subd. (b).) The Legislature has also enacted section 1473.7, which "allows noncitizens who have served their sentences to vacate a conviction if they can establish by a preponderance of the evidence that their conviction is 'legally invalid due to prejudicial error damaging [their] ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence.'" (*People v. Espinoza* (2023) 14 Cal.5th 311, 316.)

Despite this clear legislative and judicial emphasis on the importance of immigration consequences in plea agreements in the interests of justice, the trial court here refused to even consider what was apparently a joint prosecution and defense agreement that defendant should be permitted to withdraw his plea and plead to a new, immigration-neutral offense. The record before us offers no information about the parties' agreement, because the trial court would not even permit the parties to describe their agreement on the record. However, it seems reasonable to assume, as we do here, given the context of this matter and the nature of the hearing, that the added count to which the parties had agreed was an immigration-neutral offense. Defendant's counsel on appeal stated in his opening brief that he had "convinced the People to stipulate to a grant of the motion to vacate in question, after which Appellant would plea[d] out to a different offense, one that would not entail adverse immigration consequences." For the trial court to refuse to consider the parties' agreement was an abuse of its discretion.

## DISPOSITION

The order denying Ramon Ruesga Oliva's motion to vacate is reversed and the matter is remanded to the trial court with instructions to consider any proposed agreement between the prosecution and the defense to vacate the plea and enter a new plea and, if the proposed agreement is not accepted by the court, hold a new hearing on Oliva's motion to vacate.

GRIMES, J.

WE CONCUR:

STRATTON, P. J.          WILEY, J.

4