Filed 8/14/25  P. v. Mendoza CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>FILIBERTO FLORES MENDOZA,<br><br>      Defendant and Appellant. | D084554<br><br><br>(Super. Ct. No. 13842) |

APPEAL from an order of the Superior Court of Imperial County, Christopher J. Plourd, Judge.  Reversed and remanded with directions.

Law Office of Sabrina Damast and Sabrina R. Damast for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers, Adrian C. Contreras, and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

Filiberto Flores Mendoza appeals the denial of his Penal Code section 1473.7 motion to vacate his conviction for possession of marijuana for

sale under a no-contest plea.  The parties challenge and support the court's denial on various procedural grounds as well as the merits.

To start, though the court denied an earlier section 1473.7 motion, that denial was not on the merits, so collateral estoppel does not apply.  Nor have the People persuaded us that a bar against successive habeas corpus petitions applies to section 1473.7 motions.

Next, the People dispute Mendoza brought his motion with reasonable diligence.  To the extent the court agreed, however, it acted within its discretion to reach the merits.

On the merits, we conclude Mendoza has established he is entitled to relief.  Mendoza's declaration, combined with the evidence the plea-taking court advised him only of potential—not definite—immigration consequences, is sufficient to show he did not meaningfully understand how his plea would affect his immigration status.  And factors like Mendoza's strong ties to the United States persuade us, based on the totality of the circumstances, the misunderstanding was prejudicial.

As a result, we reverse and remand with directions.

I.

A.

In the late 1960s, Mendoza received a United States work permit and married a permanent resident.  When Mendoza's work permit expired, he and his wife returned to Mexico while she petitioned for Mendoza to obtain resident status.  By the early 1970s, Mendoza was back in California as a permanent resident.

By 1989, nearly two decades later, Mendoza's daughters and his two grandchildren—all United States citizens—were living with him and his wife.  Mendoza attested that his "whole family depended on [his] income to provide

2

for them." He and his wife were seasonal workers, which meant periods of insufficient income and made providing that support "very difficult." Mendoza claimed he "would have done anything for" his family. In the fall of 1989, "out of desperation," he got involved with "the wrong kind of people."

## B.

In late 1989, Mendoza was charged with sale or transportation of marijuana (Health & Saf. Code, § 11360; count 1) and possession of marijuana for sale (Health & Saf. Code, § 11359; count 2).

Mendoza pled no contest to count 2, possession of marijuana for sale, in exchange for having count 1 dismissed. At the plea hearing, Mendoza admitted he had possessed five pounds of marijuana, though when asked if he intended to sell it, Mendoza responded he "did not know what [he] was going to do with it."

As for the immigration consequences of the plea, the court advised Mendoza as follows, with italics added:

> If you're not a citizen of the United States, conviction of this offense *can* cause you to be deported, excluded from admission[,] or denied naturalization. [¶] . . . [¶]
>
> And, in fact, this is the kind of an offense the immigration service takes very seriously, and *could* very well result in loss of your right to be a citizen of the country, even if you're naturalized.

Following Mendoza's plea, the court sentenced him to a two-year suspended prison term, three years of probation, and 270 days in county jail.

## C.

After serving his jail time, Mendoza was deported to Mexico. According to Mendoza, he tried to "fight" the deportation order, but his conviction "made [him] ineligible for all relief."

## D.

In March 2023, Mendoza moved to vacate his conviction under Penal Code section 1016.5, which requires the court to advise a defendant before accepting a plea that, if not a citizen, the defendant's conviction "may" have certain immigration consequences. At the April hearing, the court denied the motion after reviewing the plea hearing transcript, which had not been available to defense counsel.

In November 2023, Mendoza moved to vacate his conviction under section 1473.7. At the hearing, a different attorney specially appeared for Mendoza's counsel. The court denied the motion on the belief it was "the same motion" heard and denied in April.

In late December 2023, Mendoza refiled his section 1473.7 motion. When neither Mendoza nor defense counsel appeared at the hearing, the court took the matter off calendar.

In February 2024, Mendoza again refiled his section 1473.7 motion. At the final hearing in June 2024, the court denied the motion on the merits.

## II.

Before we turn to the merits of Mendoza's motion, we address various procedural arguments raised by the parties.

## A.

The People seek dismissal because they contend Mendoza's motion was either (1) barred by the doctrine of collateral estoppel or (2) an improperly filed successive motion. We disagree on both points.

## 1.

The People argue the denial of Mendoza's first section 1473.7 motion precluded Mendoza's later motion under the same statute. Mendoza counters the court "did not actually address the merits" of his first section 1473.7

motion "because it mistakenly believed" it was identical to an earlier motion to vacate brought under a different statute. We agree with Mendoza.

Collateral estoppel bars relitigation of issues earlier decided only if (1) the issue is identical; in the earlier proceeding the issue was (2) actually litigated and (3) necessarily decided; and (4) the earlier decision was final and on the merits. (*People v. Strong* (2022) 13 Cal.5th 698, 716.) The party being precluded from relitigating the issue must be the same as, or in privity with, the party in the earlier proceeding. (*Ibid.*) The party asserting collateral estoppel bears the burden of establishing these elements. (*Ibid.*)

Here, the People have not met their burden. When the court denied Mendoza's first section 1473.7 motion, it did so under the belief it was "the same motion" heard and denied in April. Yet that earlier motion was brought under section 1016.5, a different ground for vacating a conviction that centers on the *court's advisal* rather than the *defendant's understanding* of the adverse immigration consequences of a plea. As a result, the court never considered or decided the actual issue presented by the first section 1473.7 motion. The People admit "there was some confusion about the two different motions," but they claim "any confusion about the issue to be decided was invited by [defense] counsel's decision not to attend the hearing himself or request a continuance." As the People cite no authority for this point, however, we do not consider it. (*In re Champion* (2014) 58 Cal.4th 965, 986.)

Because the court did not decide the merits of the first section 1473.7 motion, Mendoza was not precluded from raising the issue again.

2.

Alternatively, the People accuse Mendoza's later section 1473.7 motion of violating a bar against successive motions. But, as Mendoza notes, the authority the People rely on applies to successive petitions for writ of habeas

5

corpus and not section 1473.7 motions. *In re Friend* (2021) 11 Cal.5th 720, 727, for example, discusses a "successiveness bar . . . that applied in all habeas corpus cases." As a "motion under section 1473.7 is not a petition for writ of habeas corpus," the rule against successive petitions does not apply because "[i]ssues of inefficiency, waste, and finality of judgments can be dealt with, if necessary, by applying principles of collateral estoppel." (*People v. Jung* (2020) 59 Cal.App.5th 842, 855, disapproved of on other grounds by *People v. Vivar* (2021) 11 Cal.5th 510.) Thus, no successiveness bar applies here.

B.

Next, the People contend Mendoza "failed to meet his burden to show reasonable diligence in filing" his motion. To the extent that is so, we conclude the court exercised its discretion to reach the merits of the motion.

A section 1473.7 motion based on a prejudicial misunderstanding of the adverse immigration consequences of the conviction "may be deemed untimely filed if it was not filed with reasonable diligence after the later of" specific triggering events. (§ 1473.7(b)(2).) When those triggering events predate this law, as is the case here, reasonable diligence is evaluated "by determining whether or when the petitioner had a reason to inquire about new legal grounds for relief, and assessing the reasonableness of the petitioner's diligence from that point forward." (*People v. Alatorre* (2021) 70 Cal.App.5th 747, 765.)

Yet "'reasonable diligence' is not a timeliness *requirement* for section 1473.7 motions made under subdivision (a)(1), but rather a *condition* that, if present, requires the court to grant meritorious motions." (*Alatorre*, 70 Cal.App.5th at p. 757.) "A superior court has the discretionary authority, after considering the totality of the circumstances, to deem a motion timely

6

even if the moving party did not act with reasonable diligence." (*People v. Perez* (2021) 67 Cal.App.5th 1008, 1012.)

Here, although the court observed Mendoza could have moved under section 1473.7 at the same time as his section 1016.5 motion, months earlier, it elected to decide the motion on the merits. Thus, to the extent the court had doubts about Mendoza's diligence, it implicitly deemed the motion timely by reaching the merits. We discern no error on that basis.

### C.

That brings us to the merits of Mendoza's section 1473.7 motion. Mendoza contends the court erred in denying his motion on the merits, and we agree.

Under section 1473.7, a court may vacate a conviction if the moving party shows, by a preponderance of the evidence, the conviction was "legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences" of the underlying plea. (§ 1473.7(a)(1) & (e)(1).)

We independently review an order on a section 1473.7 motion. (*Vivar*, 11 Cal.5th at p. 527.) Where, as here, "the facts derive entirely from written declarations and other documents," we are in the same position as the trial court and thus use our independent judgment to decide if the facts establish prejudicial error. (*Id.* at p. 528.)

### 1.

Mendoza has established he did not meaningfully understand the immigration consequences of his plea.

In his declaration, Mendoza attested he "did not know that a guilty plea would result in [his] green card being revoked and that [he] would be

7

placed in Removal Proceedings." But as he learned when fighting his deportation, the conviction "made [him] ineligible for all relief." Mendoza was "deported to Mexico."

The People fault Mendoza for not "securing a declaration or testimony" or other evidence from his counsel at the time of his 1989 plea, yet they recognize our Supreme Court has determined "[a] party seeking relief under section 1473.7 is not required to provide the declaration of plea counsel." (*People v. Espinoza* (2023) 14 Cal.5th 311, 325.)

The People also argue Mendoza's declaration alone is not enough, as it must be corroborated by evidence beyond a self-serving statement. (Citing *People v. Abdelsalam* (2022) 73 Cal.App.5th 654, 664.) In *Abdelsalam*, the defendant's claim of misunderstanding was insufficient when he "was told orally and in writing that he *will* be deported," as opposed to a less specific advisement "that he 'might' be deported, or that he 'could' be deported." (*Ibid.*)

Here, however, the plea colloquy supports Mendoza's position. The court told Mendoza only that the conviction for his plea "can" and "could" cause him to be deported. Thus, unlike in *Abdelsalam*, the record here does not directly contradict that Mendoza was never informed he *would in fact* be deported based on his conviction. His situation is more like *People v. Soto* (2022) 79 Cal.App.5th 602, 608-609, where the court concluded based on the generic advisement about the potential immigration consequences of the plea and the defendant's declaration that "[n]othing in the record" showed the defendant "meaningfully understood and knowingly accepted the mandatory immigration consequences of his plea." So too here.

2.

Based on our independent review of the record, we conclude Mendoza has shown prejudice resulted from this misunderstanding.

A section 1473.7 error is prejudicial if, based on the totality of the circumstances, the defendant shows a reasonable probability he or she would have rejected the plea had he or she understood its immigration consequences. (*Espinoza*, 14 Cal.5th at p. 320.) Relevant factors include "'the defendant's ties to the United States, the importance the defendant placed on avoiding deportation, the defendant's priorities in seeking a plea bargain, and whether the defendant had reason to believe an immigration-neutral negotiated disposition was possible.'" (*Ibid.*) "These factors are not exhaustive, and no single type of evidence is a prerequisite to relief." (*Id.* at p. 321.) "Ties to the United States are an important factor in evaluating prejudicial error under section 1473.7 because they shed light on a defendant's immigration priorities." (*Ibid.*)

It is undisputed Mendoza had significant ties to the United States. At the time of his plea, Mendoza had lived in California as a lawful permanent resident for nearly two decades. He and his wife, also a lawful permanent resident, supported their two daughters and two grandchildren, all United States citizens. Even Mendoza's mother lived in the United States. Mendoza declared he "would have asked [his] public defender to take [his] case to trial" had he known of the immigration consequences of his plea.

The parties disagree whether an immigration-neutral disposition was available. Had Mendoza instead pled to the dismissed count of a violation of Health and Safety Code section 11360, the People argue it "is likely still a deportable violation as a controlled substances offense" even if it did not qualify as an aggravated felony. Mendoza contends a controlled substance

9

violation, though a ground for deportation, still leaves open the possibility for a lawful permanent resident like him to petition for cancelation of removal. (Citing 8 U.S.C. § 1129b(a)(3).)

Regardless, "whether [Mendoza] could have secured a more favorable plea deal or prevailed at trial does not conclusively determine whether he established prejudice under section 1473.7." (*People v. Padron* (2025) 109 Cal.App.5th 950, 964.) Instead, relief should be granted if the defendant would have chosen not to plead guilty or no contest even if the defendant would not necessarily have obtained a more favorable outcome. (*Ibid.*, quoting *People v. Martinez* (2013) 57 Cal.4th 555, 559.) Based on the totality of the circumstances, such is the case here. We conclude Mendoza—a lawful permanent resident with decades-long ties to the United States—raised more than an abstract possibility he would have rejected his plea deal had he correctly understood its immigration consequences. As a result, the court should have granted his section 1473.7 motion.

Given our disposition on the merits, we need not address Mendoza's argument about the court denying his request for an evidentiary hearing.

### III.

We reverse the order denying the section 1473.7 motion and remand to the superior court with directions to grant the motion and vacate the conviction.


CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


RUBIN, J.